## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ALEXANDER GONZALES,

                      :

           Petitioner,                        Case No. 1:04-cv-208

                             :           District Judge Susan J. Dlott

       -vs-                                  Chief Magistrate Judge Michael R. Merz

JEFFREY WOLFE, Warden,

                      :

           Respondent.

---

### REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought pursuant to 28 U.S.C. §2254. Petitioner is represented in these proceedings by the same counsel who represented him at his third trial, on appeal, and in post-conviction proceedings in the state courts.

Petitioner raises eight grounds for relief as follows:

> **Ground One:** The trial court erred in permitting Petitioner Gonzalez[1] to be tried, convicted, and sentenced twice for the same offense in violation of Double Jeopardy.
>
> **Supporting Facts:** The trial court improperly allowed Alexander Gonzalez to be retried on possession of cocaine and possession of crack cocaine after a trial on these counts resulted in a mistrial that was not caused by manifest necessity. In addition, the trial court sentenced me to multiple sentences for the same crime in violation of the Fifth Amendment prohibition against double jeopardy.
>
> **Ground Two:** The trial court erred in denying Petitioner Gonzalez

---

[1] Spelled thus in the Petition in the Grounds for Relief. The Court will use the spelling in the caption, Gonzles, except when quoting.

the right to cross-examine the State's key witness regarding the terms of his plea bargain.

**Supporting Facts:** The trial court violated Petitioner Gonzalez' right to confrontation by precluding defense counsel from questioning the State's key witness, Gonzalez' co-defendant, regarding the terms of his plea bargain with prosecutors.

**Ground Three:** The trial court erred in instructing the jury.

**Supporting Facts:** The trial court violated Petitioner Gonzalez' Sixth Amendment right to trial by jury by failing to properly instruct the jury on the issues of complicity and co-defendant culpability.

**Ground Four:** The trial court erred in failing to suppress illegally obtained evidence.

**Supporting Facts:** The trial court violated Petitioner Gonzalez' Fourth Amendment right to be free from unreasonable searches and seizures by failing to suppress Gonzalez' arrest, which was unsupported by probable cause. The trial court also erred under the Fourth Amendment by failing to suppress evidence uncovered as a result of Gonzalez' unlawful arrest.

**Ground Five:** The trial court erred in denying Petitioner Gonzalez' Motion to Dismiss based upon the unconstitutionality of Ohio's major drug offender statute.

**Supporting Facts:** The trial court denied Petitioner Gonzalez' substantive and procedural due process rights by failing to hold unconstitutional Ohio's major drug offender statute, which permits mandatory and duplicitous sentences for a single crime without a jury findings. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

**Ground Six:** The trial court violated Petitioner Gonzalez' right to due process by sentencing him in excess of the punishment received at his first trial.

**Supporting Facts:** The trial court violated Petitioner Gonzalez' due process rights by sentencing him to an additional ten years beyond the twenty year sentence he received at his first trial, the result of which was reversed on appeal.

**Ground Seven:** The trial court abused its discretion when it denied

Petitioner Gonzalez motion for leave to file a motion for new trial based on newly discovered evidence.

**Supporting Facts:** The trial court violated Petitioner Gonzalez' Fourteenth Amendment due process rights by denying Gonzalez' motion for leave to file a motion for new trial based on newly discovered evidence. Several months after being sentenced, Gonzalez and his attorneys learned of an additional plea bargain which existed between the prosecutors in his case and his co-defendant, the State's key witness against him. This new evidence is highly indicative of prosecutorial misconduct and constitutes a *Brady* violation because it was not disclosed to the defense at the time of trial.

**Ground Eight:** The trial court abused its discretion in denying Petitioner Gonzalez' post-conviction petition absent discovery and a full and fair hearing.

**Supporting Facts**: The trial court violated Petitioner Gonzalez' Fourteenth Amendment due process rights by denying Gonzalez' post-conviction petition without a full and fair evidentiary hearing. Several months after being sentenced, Gonzalez and his attorneys learned of an additional plea bargain which existed between the prosecutors in his case and his co-defendant, the State's key witness against him. This new evidence is highly indicative of prosecutorial misconduct and constitutes a *Brady* violation because it was not disclosed to the defense at the time of trial.

(Petition, Doc. No. 1, at 8-9.)

## Procedural History

Petitioner was indicted in 1998 on three counts of possession of cocaine with a major drug offender specification appended to each count (Hamilton County Common Pleas Case No. B9808445-A). He was convicted on two of the counts and sentenced to ten years consecutive confinement on each count. On direct appeal, the convictions were reversed on Petitioner's Confrontation Clause claim (Return of Writ ("ROW"), Doc. No. 6,Ex. E at 6-10). Petitioner's claim that the evidence presented was insufficient to convict was rejected and the remaining assignments

-3-

of error were found moot. *Id*. at 10.  This decision was not appealed.

Petitioner was retried on remand, but mistried on grounds of jury tampering during deliberations.

Prior to any third trial, Petitioner's statement to law enforcement officers after the May 19, 1999, verdict and before sentencing were suppressed (ROW, Doc. No. 6,Ex. J).

On June 8, 2001, Petitioner was indicted on three counts of trafficking in cocaine with major drug offender specifications on each count (ROW, Ex. K).  The cases were then consolidated and present counsel moved to dismiss both on double jeopardy grounds and to suppress the seizure of his automobile and any statements made as the result of his arrest on November 23, 1998. (ROW, Ex. M.)  All of these motions were denied (ROW, Ex. O).  Defendant then moved to dismiss on the grounds that Ohio's major drug offender statute is unconstitutional (ROW, Ex. P.)  That motion was also denied (ROW, Ex. Q).

Petitioner was then tried and convicted of one count each of possession of crack cocaine and possession of powder cocaine under Case No. B9808445 and three counts of trafficking in cocaine under Case No. B0103969.  Each count of conviction carried a major drug offender specification. Petitioner received an aggregate sentence of thirty years confinement.  The convictions were affirmed on appeal and the Ohio Supreme Court declined jurisdiction and dismissed the appeal to it as not involving any substantial constitutional question. *State v. Gonzales*, 151 Ohio App. 3d 160, 783 N.E.2d 903 (Ohio App. 1st Dist. 2002); (ROW, Exs. B1, C1).

While the appeal was pending, Petitioner filed a motion for new trial on the grounds of newly-discovered evidence which was denied (ROW, Ex. I1).  His petition for post-conviction relief under Ohio Revised Code § 2953.21 was also rejected (ROW, Exs. Nl, Ol, and P1).  Appeals on both

decisions were consolidated and relief denied (ROW, Exs. Tl, Ul, and V1).  The Supreme Court declined jurisdiction.

The Petition in this case was filed March 18, 2004 (Doc. No. 1).  On Judge Hogan's Order (Doc. No. 3), the Respondent filed an Answer/Return of Writ on May 24, 2004 (Doc. Nos. 5, 6). Petitioner did not file a reply/traverse, but did argue the merits in his Motion for Summary Judgment (Doc. No. 8) which has been denied by Judge Dlott (Doc. No. 13).  The case is thus ripe for decision on the merits.


## Analysis


## Ground One: Double Jeopardy


In his first Ground for Relief, Petitioner makes two double jeopardy claims, to wit, (1) that he was impermissibly retried after his second trial ended in a mistrial which was not manifestly necessary and (2) that he was impermissibly sentenced twice for the same crime.

Respondent asserts the first portion of this Ground for Relief is barred by two procedural defaults Petitioner committed in presenting it to the state courts: (1) failure to provide an adequate record on direct appeal to permit the Court of Appeals to find error and (2) failure to object to the mistrial when it happened in the Common Pleas Court (Answer/Return of Writ, Doc. No. 5, at 17-21).  Despite arguing this portion of the first Ground for Relief at some length in the Motion for Summary Judgment (Doc. No. 8 at 24-26), Petitioner makes no response to this procedural default argument.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391(1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster*

> *County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

As is demonstrated in Respondent's discussion, Ohio has procedural rules which require presentation of a complete record on appeal by the appellant and also a contemporaneous objection rule.  Both rules were applied to Petitioner's double jeopardy claim by the Hamilton County Court of Appeals and each is an adequate and independent state ground of decision.  *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing  Hinkle v. Randle*, 271 F. 3d 239, 244 (6th Cir. 2001); *Cott v. Mitchell*, 209 F. 3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).  The first branch of Ground One should therefore be dismissed with prejudice as procedurally defaulted.

The second branch of Ground One asserts Petitioner's double jeopardy rights were violated when the trial court imposed multiple sentences for the same offense.  Petitioner argues that

> The statutes prohibiting drug possession and trafficking require proof of identical elements to those contained in the M[ajor] D[rug] O[ffender] definition.  Ohio Revised Code § 2925.03; Ohio Revised Code § 2929.11(C)(4)(f); Ohio Revised Code § 2929.01(Y). Nowhere does the Revised Code require additional proof to distinguish MDO's from those who violate Chapter 2925.  As such, Ohio's MDO scheme permits multiple penalties for a single crime in violation of double jeopardy and Mr. Gonzalez's constitutional rights.

-7-

(Motion for Summary Judgment, Doc. No. 8, at 30-31).

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932).

Petitioner asserts his multiple penalties violate the *Blockburger* test.[2] (Motion for Summary Judgment, Doc. No. 8, at 30-31.) However, the *Blockburger* test does not preclude multiple punishments for the same offense if that is what the adopting legislature intended. "[S]imply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a

---

[2] Petitioner also seems to claim (Motion for Summary Judgment, Doc. No. 8, at 30) that his punishment violates Ohio Revised Code § 2941.25. That claim does not state a claim of violation of the United States Constitution. While that statute protects the same interests as the Double Jeopardy Clause, it is much broader than the Double Jeopardy Clause. Two offenses are different, for double jeopardy purposes, whenever each contains an element that the other does not. *See, e.g.*, *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Comparison of the elements is only the first step in the §2941.25 analysis. If the elements of the two crimes correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the Ohio court must proceed to the second stage of deciding whether they were committed separately or with a separate animus. *City of Newark v. Vazirani*, 48 Ohio St. 3d 81, 549 N.E. 2d 520 (1990).

-8-

single trial, of cumulative punishments pursuant to those statutes." *Missouri v. Hunter,* 459 U.S. 359, 368 (1983), citing *Albernaz v. United States*, 450 U.S. 333, 340 (1981), and *Whalen v. United States*, 445 U.S. 684, 688 (1980).

In deciding this portion of Petitioner's double jeopardy claim, the Hamilton County Court of Appeals expressly held that the Ohio General Assembly intended to impose an additional penalty for drug possession or drug trafficking when the amounts possessed or sold exceeded specified statutory quantities. *Gonzales*, 151 Ohio App. 3d at 175-176. The question of what the General Assembly intended is, of course, a question of state law which this Court must accept. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598, (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36, (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

While the question of what a state statute means is a question of state law, the next question – whether the state law thus construed violates the Double Jeopardy Clause – is a question of federal constitutional law. The First District Court of Appeals proceeded to that question and, applying *Missouri v. Hunter, supra*, determined that the multiple punishments did not violate Petitioner's double jeopardy rights. *Gonzales*, 151 Ohio App. 3d at 175.

The Supreme Court has recently elaborated on the standard of review of state court decisions on constitutional claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor*, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:

-9-

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  529 U.S., at 404-405, 120 S.Ct. 1495.   A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  *Id.,* at 405-406, 120 S. Ct. 1495.   The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  *Id.,* at 407-408, 120 S.Ct. 1495.   The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495.   See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685 (2002).

AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v.*

> *Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133 (2005).

The Court concludes the Court of Appeals' conclusion is a reasonable application of *Missouri v. Hunter, supra.* Therefore the second branch of the first Ground for Relief should be denied on the merits.

### Ground Two: Confrontation of Rodriqez

In Ground Two, Petitioner claims he was denied the right to confront the principal witness against, Manuel Rodriqez. He asserts that Rodriqez received an illegally light sentence for his plea of guilty to possession of cocaine and therefore should not have been permitted to testify at all. In the alternative, he asserts he should have been permitted to question Rodriqez about the "precise terms" of his plea.

Petitioner cites no authority for the proposition that a co-defendant who has received an illegally light sentence may not testify at all and no such authority is known to the Court.

Of course, the right to cross-examine is at the core of the Confrontation Clause and a defendant must be permitted to cross-examine adverse witnesses. *Crawford v. Washington*, 541 U.S. ___, 124 S. Ct. 1354 (2004); *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986). But the Supreme Court has never held that the Confrontation Clause gives a cross-examining attorney *carte blanc* to ask any questions he or she might desire.

At trial, "Gonzales's counsel proffered that if he had been allowed to continue Rodriquez's questioning, Rodriquez would have admitted that he had pleaded guilty to a violation of R.C. 2925.03(A) involving an amount of cocaine in excess of 100 grams." *Gonzales*, 151 Ohio App. 3d at 176. The Court of Appeals noted that the intended question had a good faith basis – Rodriquez had indeed pled guilty to possession of more than 100 grams of crack cocaine, which carries a mandatory sentence of ten years under Ohio law. Because the intended question implicated the Sixth Amendment, the Court of Appeals applied a test adumbrated in *United States v. Nelson*, 39 F.3d 705 (7th Cir. 1994), which held that when a defendant had had an opportunity to show a witness had a particular motive to lie, it was within the discretion of the trial judge to prevent adding additional detail to that motive. *Id*. at 177. It quoted the testimony of Rodriquez explaining why he took the plea bargain: he was not "going to risk [his] life and twenty-five years when [he] could do five." *Id*. The Court of Appeals cited federal cases which had held that it was not an abuse of discretion to fail to allow inquiry into possible sentences faced by a cooperating witness. *Id*. at 177-178, citing *United States v. Ambers*, 85 F.3d 173, 176 (4th Cir. 1996).

If it is not an abuse of discretion to allow a federal trial court to prohibit inquiry into possible sentences faced by a cooperating witness, *a fortiori* it is not an unreasonable application of clearly established federal law for a state appeals court to do the same thing. Petitioner's second ground for relief is without merit.

### Ground Three: Improper Jury Instructions

In his Third Ground for Relief, Petitioner contends the trial court violated his Sixth

Amendment right to trial by jury by failing to properly instruct the jury on the issues of complicity and co-defendant culpability.

Petitioner argued this claim as his third assignment of error on direct appeal, claiming that the complicity instruction should not have been given at all and that the trial judge refused improperly to give his requested instruction on the credibility of a co-defendant's testimony. This assignment of error was argued entirely in terms of Ohio law. (ROW Ex. V at 10-11.)[3]

A federal constitutional claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation. *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Franklin v. Rose,* 811 F.2d 322 at 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984). If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), *citing Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim. *Hicks v. Straub*, 377 F. 3d 538, (6th Cir. 2004), citing *McMeans v. Brigano,* 228 F. 3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276,

---

[3] Petitioner's Brief contains an opening general citation to *Cheek v. United States*, 498 U. S. 192 (1991), but *Cheek* is cited for the general proposition that the Sixth Amendment right to trial by jury includes the right to a properly instructed jury. *Cheek* is not pertinent to, nor is it argued to be pertinent to, either instruction at issue here.

277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F. 3d at 681.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair. *Henderson v. Kibbe,* 431 U.S. 145 (1977). The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62 (1991) quoting *Cupp v. Naughten*, 414 U.S. 141 (1973). The category of infractions that violate fundamental fairness is very narrow. *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), citing *Dowling v. United States*, 493 U.S. 342, 352 (1990).

The Court concludes that Petitioner did not fairly present his federal constitutional claim to the state court of appeals because he argued it purely in terms of Ohio law. Alternatively, assuming the federal claim was somehow implicit in the argument made, Petitioner has not demonstrated here that the state court's resolution of the claim was an unreasonable application of United States Supreme Court law.

**Ground Four: Failure to Suppress Illegally Seized Evidence**

-14-

In his Fourth Ground for Relief, Petitioner argues his arrest was illegal and the state courts should have suppressed evidence seized as a result of that arrest.

Respondent claims that the Fourth Ground for Relief is both procedurally defaulted and without merit.  Regarding procedural default and applying the analysis from *Maupin, supra*, Respondent notes that Petitioner lost on his motion to suppress during the first trial, that he failed to appeal from that denial, and that the Court of Appeals held that failure against him in his second appeal, applying Ohio's criminal *res judicata* doctrine (Answer/Return of Writ, Doc. No. 5, at 31-35).  Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967), is an adequate and independent state ground.  *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F. 3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F. 3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F.Supp.2d 899 (S.D. Ohio 2001). Petitioner has not attempted to demonstrate cause and prejudice to excuse this default.  Thus his Fourth Ground for relief is barred by the default in not appealing from denial of the motion to suppress.

Alternatively, this claim is without merit because Petitioner received a full an fair hearing on his motion to suppress in the state courts.  Federal habeas corpus relief  is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone v. Powell,* 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).  *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable

-15-

application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F. 2d

522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. Petitioner has provided no evidence, indeed he has not argued, that his opportunity to

litigate this claim was not full and fair.

The Fourth Ground for Relief should be denied on the merits.

**Ground Five: Ohio's Major Drug Offender Statute is Unconstitutional under *Apprendi***

In his Fifth Ground for Relief, Petitioner claims that Ohio's major drug offender statute is

unconstitutional because it permits "mandatory and duplicitous sentences for a single crime without

a jury findings" in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner asserts that

determination of whether a defendant is a major drug offender is to be made by the trial judge under

Ohio Revised Code § 2929.1410(B), that such a determination is required before imposition of the

extra sentence which being an MDO carries, but that *Apprendi* requires such a fact be decided by

the jury (Motion for Summary Judgment, Doc. No. 8, at 28-30). Respondent argues this claim on

-16-

the merits, asserting there was no *Apprendi* violation here.

"[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *quoting Jones v. United States,* 526 U.S. 227 (1999).

In dealing with this issue, the Court of Appeals wrote:

> Under R.C. 1941.14.10, the indictment or charging instrument must specify that the offender is a major drug offender, except as provided in R.C. 2953.03 [sic] and 2925.11. R.C. 2925.03(C)(4)(g) provides that whoever violates R.C. 2925.03(A), drug trafficking, where the amount of powder cocaine exceeds 1,000 grams or the amount of crack cocaine exceeds 100 grams, is a major drug offender by operation of law, and the court must impose the maximum ten-year prison sentence for the felony violation.  R.C. 2925.11(C)(3)(f) provides that a person possessing such amounts of crack and powder cocaine is a major drug offender and provides the same ten-year sentence.

*Gonzales,* 151 Ohio App. 3d at 175.  In this case, the indictments carried an allegation of the amounts of powder and crack cocaine which were possessed by the Petitioner and the jury returned a verdict of guilty on those counts as thus pled.  After the jury had done so, there were no additional facts which the trial judge had to find in order to apply the major drug offender classification – by virtue of the jury's verdict, Petitioner had become a major drug offender by operation of law.

Thus there was no *Apprendi* violation here and the state court's determination that the statute is not unconstitutional is not an unreasonable application of *Apprendi*.[4]

―――――――――――――――

[4] The Court intends no opinion on whether those cases under Ohio law which required a separate decision by the trial judge of "major drug offender" status violate the Constitution.

-17-

**Ground Six: Increased Sentence on Retrial**

Petitioner claims in his Sixth Ground for Relief that he was denied due process of law when his sentence was increased from twenty years to thirty years on retrial.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), the Court held:

> In order to assure the absence of such a motivation [of vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. These reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence.

*Id*. at 726. In applying *Pearce*, the First District Court of Appeals held:

> The presumption is not applied where retrial is on additional counts, or when two different judges have sentenced the defendant. Both of these situations exist here. Because there is no presumption of vindictiveness in this case, the trial court was not required to state its reasons for imposing a longer sentence (other than that required under the felony-sentencing guidelines)…."

Gonzales, 151 Ohio App. 3d at 181-182. The court relied on *People v. Williams*, 916 P. 2d 624 (Colorado App. 1996)(as to additional counts) and *Texas v. McCullough,* 475 U.S. 134 (1986), and *Colten v. Kentucky*, 407 U.S. 104 (1972)(as to different judges). In *Colten* the Supreme Court held that *Pearce* did not prohibit a more severe sentence upon retrial *de novo*, noting that it was not the same court which was involved and there was therefore no basis for the inference of vindictiveness. *McCullough* supports the proposition that the *Pearce* presumption does not apply in every case and is not a conclusive presumption.

Petitioner has not shown that the Court of Appeals decision is either contrary to or an

unreasonable application of *Pearce*, *McCullough*, or *Colten*, particularly where, as here, there were three more counts of conviction on retrial and a different judge imposed the sentence.

### Ground Seven: Denial of Leave to Seek a New Trial

In his Seventh Ground for Relief, Petitioner asserts the trial judge abused his discretion by denying him leave to file out of time a motion for new trial based on newly-discovered evidence.

Federal habeas corpus courts sit only to grant relief where a person's conviction is unconstitutional. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). On the face of the Petition and in his Motion for Summary Judgment, Petitioner argues this claim only in terms of the trial judge's abuse of discretion. A claim of abuse of discretion by a state court judge is not sufficient to state a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Petitioner's Seventh Ground for Relief should be dismissed without prejudice for failure to state a claim upon which federal habeas corpus relief can be granted.

**Ground Eight: Due Process on Post-Conviction**

In his Eighth Ground for Relief, Petitioner claims that he was denied due process of law when his post-conviction petition, brought under Ohio Revised Code § 2953.21, was denied without an opportunity for discovery or an evidentiary hearing.

Respondent asserts that this Ground for Relief raises only state law claims because of its reference to abuse of discretion. On the face of the Petition, Respondent is correct, but Petitioner goes on to argue the claim as a denial of due process. However, Petitioner then argues the claim not in terms of federal constitutional law, but in terms of the Ohio post-conviction statute. For example, he asserts that the denial of hearing was an abuse of discretion because, in adjudicating such a petition, the trial judge is required to look at th entire record, citing Ohio Revised Code § 2953.21(C)(Motion for Summary Judgment, Doc. No. 8, at 12). He then argues that the amount of evidence he presented was plainly enough a hearing, *citing State v. Kapper*, 5, Ohio St. 3d 36, 448 N.E. 2d 823 (1983).

Post-conviction state collateral review is not a constitutional right, even in capital cases. *Murray v. Giarratano*, 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975); *Kirby v. Dutton,* 794 F. 2d 245 (6th Cir. 1986)(claims of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because not constitutionally mandated). *Accord, Greer v. Mitchell,* 264 F. 3rd 663, 681 (6th Cir. 2001); *Johnson v. Collins,* 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F. 3d 173 (5th Cir.), *cert denied*, 120 S. Ct. 22 (1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd*.,336 F.3d 478 (6th Cir. 2003).

-20-

If post-conviction collateral review is not a constitutional right, then *a fortiori* an abuse of discretion in denying a hearing or discovery for such a proceeding cannot be the denial of a constitutional right.

Petitioner proceeds to argue substantively his claim of prosecutorial misconduct in violation of his rights under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)(Motion for Summary Judgment, Doc. No. 8, at 14-17.) Respondent does not address this claim on the merits, but the Court of Appeals did. It held:

> The trial court properly dismissed Gonzalez's postconviction challenge to the prosecution's failure to disclose in discovery the statements of the prosecution witness and his counsel. Gonzalez could not be said to have been denied a fair trial by the failure to disclose the statements when the statements were not "material" in that they could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley* (1995), 514 U.S. 419, 434-436, 115 S. Ct. 1555.

(Judgment Entry, Ex. T1 to Answer/Return of Writ, Doc. No. 6, at 3.) Petitioner has not argued how this decision is an unreasonable application of *Kyles v. Whitley* and the Court does not find it to be. Because it is not an unreasonable application of clearly established federal law, it is entitled to deference by this Court.

-21-

**Conclusion**

For the foregoing reasons, the Petition for Writ of Habeas Corpus should be denied.

June 21, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).