# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALEXANDER GONZALES,

:

    Petitioner,                                     Case No. 1:04-cv-208

:          District Judge Susan J. Dlott
    -vs-                                           Chief Magistrate Judge Michael R. Merz

JEFFREY WOLFE, Warden,

:

    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

This habeas corpus proceeding is before the Court on Petitioner's Objections (Doc. No. 16) to the Magistrate Judge's Report and Recommendations recommending that the Petition for Writ of Habeas Corpus be dismissed with prejudice (Doc. No. 15). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner's principal objection seems to be that the Report was filed too quickly after the case was referred. For example, the Objections assert the R&R was "hastily issued" (Doc. No. 16 at 1), that it was issued "a mere two days" after referral to the undersigned (*Id.* at 2), and as a result of the "limited time the magistrate [judge] devoted to the case, the report and recommendation pay short shrift to the facts. . ." *Id.* As a matter of course, the undersigned gives first priority when possible to habeas corpus cases because they involved claims to a liberty interest, as opposed to most cases in this Court, which are property or dignity interest claims. In addition, the Magistrate

Judge was advised that this was the oldest non-capital habeas corpus case pending on Judge Dlott's docket and should therefore receive his prompt attention, which it did.

Having criticized the magistrate judge for giving insufficient attention to her arguments, Petitioner's counsel then attempts to short-circuit the objections process. Instead of objecting point-by-point to the 22-page Report, she "adopts as if fully re-written here the Memorandum in Support of his Motion for Summary Judgment. . ." *Id*. at 3.  Then at the end of the Objections, she writes "[r]ather than regurgitating the brief already submitted in support of his summary judgment motion, Gonzales instead adopts that brief in full here in support of his objection." *Id*. at 6.

A general objection has the same effect as a failure to file altogether. *Howard v. Sec. of HHS,* 932 F. 2d 505 (6th Cir. 1991). The reason is that failure to focus the district court's attention on any specific issues makes the initial reference useless and undermines the purpose of the Magistrate's Act. *Howard*, 932 F. 2d at 509. Only specific objections are preserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F. 2d 1370 (6th Cir. 1987). Parties have a duty to pinpoint portions of the report that the Court should consider. *Mira v. Marshall,* 806 F. 2d 636 (6th Cir. 1986). If a party files a general objection and incorporates other papers by reference and that approach undermines the purposes of the Magistrate's Act, that party will have waived the right to appeal. *Neuman v. Rivers* , 125 F. 3d 315 (6th Cir. 1997).  While a district judge plainly has authority to go back through the record to determine whether a report and recommendations should be adopted, that approach would undermine the purpose of the Magistrate's Act to provide assistance of subordinate judicial officers to Article III judges. If an Article III judge must repeat the process in which the magistrate judge engaged, instead of being directed to specific objections, what use is the reference?

The only substantive objection Petitioner makes is that the Report does not give sufficient attention to the facts of the plea agreement between the State and Manuel Rodriqez, the sole witness against Petitioner. The Objections recite a page and a half of purported "evidence detailing the following facts," which are purportedly quoted from somewhere, but no record reference to the place from which they are quoted is given. (See Objections, Doc. No. 16, at 3-5.) The quotation contains some internal citations. For example, at the top of page four, counsel directs the Court "See Motion for Leave, Ex. B, Return of Writ Ex. D1." However, there is no citation to tell the Court where the page and one-half of quoted text comes from.

Substantively, this objection is directed to the recommended disposition of the second ground for relief which is "The trial court violated Petitioner Gonzalez' right to confrontation by precluding defense counsel from questioning the State's key witness, Gonzalez' co-defendant, regarding the terms of his plea bargain with prosecutors." (Petition, Doc. No. 1, at 8.) Petitioner seems to believe the Report recommends disposing of this claim as raising only state law questions. On the contrary, the Report recommends reaching the merits of this claim and concluding that the Hamilton County Court of Appeals disposition of the claim is not an objectively unreasonable application of clearly established federal law.

The Report recites under the first ground for relief the current standard for federal court habeas review of a question of federal constitutional law which had been decided in the state courts, to wit, that the state court decision is entitled to deference under 28 U.S.C. §2254(d)(1) unless it is contrary to or an unreasonable application of clearly established federal law as announced by the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Bell v. Cone*, 535 U.S. 685 (2002); and *Brown v. Payton*, 544 U.S. 133

(2005), all of which are cited in the Report (Doc. No. 15 at 10-11.)  Having recited this standard, the analysis on the second ground for relief concluded it was not an unreasonable application of clearly established federal law to prohibit inquiry into possible sentences faced by a cooperating witness. (Report, Doc. No. 15, at 12.)  In objecting to this conclusion, Petitioner points to no United States Supreme Court law to the contrary.  Indeed, no Supreme Court case law is cited at all in the Objections.  But that is the test: a state court ruling on a question of federal constitutional law can be reversed in federal habeas only if it is contrary to or an unreasonable application of clearly established federal law set forth in holdings of the United States Supreme Court.  In addition to the authority cited above, see *Woodford v. Visciotti,* 537 U.S. 19 (2002)(per curiam); *Price v. Vincent*, 538 U.S. 634 (2003); and *Yarborough v. Alvarado*, 124 S. Ct. 2140, 2149 (2004).

**Conclusion**

Petitioner's Objections on his second ground for relief are not well taken on the merits; his other objections are too general to comply with Fed. R. Civ. P. 72(b).  It is accordingly again respectfully recommended that the Petition be dismissed with prejudice.

July 5, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with

this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).