# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALEXANDER GONZALES,

                      : 

        Petitioner,                           Case No. 1:04-cv-208

                      :        District Judge Susan J. Dlott
     -vs-                           Chief Magistrate Judge Michael R. Merz

JEFFREY WOLFE, Warden,

                      :

        Respondent.

---

## REPORT AND RECOMMENDATIONS ON REQUEST FOR CERTIFICATE OF APPEALABILITY

---

This habeas corpus case under 28 U.S.C. §2254 is before the Court on Petitioner's Request for Certificate of Appealability (Doc. No. 22). The Request was filed and served October 20, 2006. Under S. D. Ohio Civ. R. 7.2, Respondent's time to oppose the Request expired November 13, 2006, and no opposition was filed.

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

        (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

        (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

        To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. Banks v. Dretke, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The

procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id.* at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is

improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield*

*v. Bell,* 258 F.3d 484 (6th Cir. 2001).

In the Petition, Gonzales pled eight grounds for habeas corpus relief as follows

**Ground One:** The trial court erred in permitting Petitioner Gonzalez[1] to be tried, convicted, and sentenced twice for the same offense in violation of Double Jeopardy.

**Ground Two:** The trial court erred in denying Petitioner Gonzalez the right to cross-examine the State's key witness regarding the terms of his plea bargain.

**Ground Three:** The trial court erred in instructing the jury.

**Ground Four:** The trial court erred in failing to suppress illegally obtained evidence.

**Ground Five:** The trial court erred in denying Petitioner Gonzalez' Motion to Dismiss based upon the unconstitutionality of Ohio's major drug offender statute.

**Ground Six:** The trial court violated Petitioner Gonzalez' right to due process by sentencing him in excess of the punishment received at his first trial.

**Ground Seven:** The trial court abused its discretion when it denied Petitioner Gonzalez motion for leave to file a motion for new trial based on newly discovered evidence.

**Ground Eight:** The trial court abused its discretion in denying Petitioner Gonzalez' post-conviction petition absent discovery and a full and fair hearing.

---

[1] Spelled thus in the Petition in the Grounds for Relief. The Court will use the spelling in the caption, Gonzles, except when quoting.

(Petition, Doc. No. 1, at 8-9.)

All of these Grounds for Relief were rejected by the undersigned and by District Judge Dlott when she adopted the Report and Recommendations and Supplemental Report and Recommendations. In seeking a Certificate of Appealability, Petitioner asserts he "can meet the standard for issuance of a certificate of appealability with respect to each of his claims. . . ." (Request, Doc. No. 22, at 8). Despite that assertion, Petitioner only briefs the following claims in the Request:

> A. Reasonable Jurists Would Debate Whether Gonzales's Double Jeopardy Claim States a Valid Claim of the Denial of a Constitutional Right and Whether the District Court was Correct in Its Assessment and Ruling on this Claim. *Id*. at 9.
>
> B. Reasonable Jurists Would Find the District Court's Assessment of Gonzales's Confrontation Clause Claim Debatable or Wrong. *Id*. at 12.
>
> C. Reasonable Jurists Would Debate Whether Gonzales's Claim that Erroneous Jury Instruction Violated His Sixth Amendment Right to a Jury States a Valid Claim of the Denial of a Constitutional Right and Whether the District Court was Correct in Its Assessment and Ruling on this Claim. *Id*. at 15.
>
> D. Reasonable Jurists Would Debate or Disagree With the District Court's Assessment of Gonzales's Claim that Ohio's Major Drug Offender Statute is Unconstitutional Under *Apprendi*. *Id*. at 19.
>
> E. Reasonable Jurists Would Find the District Court's Assessment of Gonzales's Excessive Punishment Due Process Claim Debatable or Wrong. *Id*. at 21.
>
> F. Reasonable Jurists Would Find Debatable or Wrong the District Court's Assessment That Gonzales's Due Process Rights to a Fair Trial Were Not Violated Based on the Prosecutor's Misconduct and Brady Violations. *Id*. at 23.

As this enumeration makes clear, Petitioner has not sought a "blanket" certificate of appealability, but only seeks to appeal on some of the claims made in the Petition.  Moreover, Petitioner's Request is a detailed 31-page argument about why these six claims fit the standard for certificate of appealability.  As noted above, Respondent has not opposed the Request.  Under S. D. Ohio Civ. R. 7.2(a), "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion [with exceptions not relevant here]."

Because the requested certificate of appealability is not a "blanket" certificate, but is supported by extended cogent argument and not opposed, it should be granted as requested.

November 16, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Gonzales v. Wolfe COA R&R.wpd